Jeffrey S. Kravitz (SBN 066481)
Alan C. Chen (SBC 224420)
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067-3005
Telephone: 310.598.4150
Facsimile: 310.556.9828
Emails: jskravitz@foxrothschild.com
        achen@foxrothschild.com

Attorneys for Plaintiffs
Accentra, Inc., Worktools, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCENTRA, INC., et al.,<br><br>    Plaintiffs-Counterdefendants<br><br>    vs.<br><br>STAPLES, INC.,<br><br>    Defendants-Counterclaimant | CASE NO. 07-CV-5862-ABC<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon Audrey B. Collins<br>Dept.: 680 |

**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**

BOS 731330.1
PH1 2351211v1 07/09/09

The discovery procedures in this case may require disclosure of information regarded by the producing party as confidential information incorporating proprietary data, know-how, trade secrets, or other valuable confidential technical or commercial information. Accordingly, the parties, by and through their respective attorneys, stipulate and agree, subject to the Court's approval, to the entry of the following protective order which will apply to the exchange of confidential information during discovery.

## GOOD CAUSE STATEMENT

It is the intent of the parties and the Court that confidential materials will not be designated as protected information for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case. Confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

(1) information qualifying as trade secrets pursuant to the Uniform Trade Secrets Act;

(2) opinions of counsel regarding the patents and/or accused products that are the subject of this litigation to which a Disclosing Party has waived the attorney-client privilege;

(3) proprietary product development information including information on prototype stapler designs;

(4) information regarding manufacturing;

(5) business plans, forecasts and strategic planning for the commercialization of stapler products;

(6) confidential financial information regarding costs, sales, profits and proprietary methods of calculating sales and profits; and

(7) competitive market and industry research regarding stapler products.

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

Stipulated Protective Order       2

1  Unrestricted or unprotected disclosure of such confidential technical, commercial
2 or personal information would result in prejudice or harm to the disclosing party by
3 revealing the disclosing party's competitive confidential information, which has been
4 developed at the expense of the disclosing party and which represents valuable tangible
5 and intangible assets of that party.  Accordingly, the parties respectfully submit that
6 there is good cause for the entry of this Protective Order.

7  The parties agree, subject to the Court's approval, that the following terms and
8 conditions shall apply to this civil action:

9  1.  For purposes of this Protective Order, the following definitions shall
10 apply:

11  (a)  The term "Document" shall have the full meaning ascribed to it by
12 the Federal Rules of Civil Procedure and shall include without limitation any records,
13 exhibits, reports, samples, transcripts, video or audio recordings, affidavits, briefs,
14 summaries, notes, abstracts, drawings, company records and reports, answers to
15 interrogatories, responses to requests for admissions, or motions, including copies or
16 computer-stored versions of any of the foregoing.

17  (b)  The term "Disclosing Party" is defined herein as any person,
18 including persons who are not a party to this action, who is requested to produce or
19 produces Documents or testimony containing  HIGHLY CONFIDENTIAL
20 INFORMATION.

21  (c)  The term "Receiving Party" is defined herein as any person who
22 receives the  HIGHLY CONFIDENTIAL INFORMATION of a Disclosing Party.

23  (d)  The term "HIGHLY CONFIDENTIAL INFORMATION" is
24 defined herein as information that has not been made public, the disclosure of which
25 the Disclosing Party contends would reasonably be expected to cause harm to the
26 business operations of the Disclosing Party or provide improper advantage to others.
27 HIGHLY CONFIDENTIAL INFORMATION shall not include (i) advertising

28

Stipulated Protective Order      3

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

materials, (ii) materials that on their face show that they have been published to the general public, or (iii) documents that have been submitted to any governmental entity without request for confidential treatment.  The term "HIGHLY CONFIDENTIAL INFORMATION" is also defined herein to include all video and audio copies including any portion of any deposition so designated as HIGHLY CONFIDENTIAL INFORMATION. HIGHLY CONFIDENTIAL INFORMATION includes, but is not limited to, detailed sales and profit information; detailed future business plans; information that qualifies as trade secrets within the meaning of the Uniform Trade Secrets Act; and other information with a similar degree of confidentiality and value to the Disclosing Party.  The term "HIGHLY CONFIDENTIAL INFORMATION" is also defined herein to include all video and audio copies including any portion of any deposition so designated as HIGHLY CONFIDENTIAL INFORMATION.

(e)     "Outside Service Organization" is defined herein as an individual or organization that provides photocopying, document processing, translation, graphics services, or trial support to Outside Counsel as part of discovery or preparation and trial of this action.

(f)     "Support Staff" is defined herein as permanent employees of Outside Counsel and Expert(s) for the parties, and includes paralegals, clerical personnel, and secretarial personnel.

(g)     "Outside Counsel" shall mean attorneys who are admitted to the practice of law in the United States, who subject themselves to the jurisdiction of the United States District Court for the Central District of California (Western Division), and who are employed by, partners of, or of counsel to, outside law firms retained by each party for the purpose of acting as litigation counsel in connection with the above-captioned proceeding.  "Outside Counsel" shall not include persons engaged or retained by or on behalf of any party as an expert witness.

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

Stipulated Protective Order                                4

1         (h)    "Expert(s)" shall include any person(s) not presently employed by any party or its Outside Counsel who are retained or sought to be retained by or on behalf of a party to advise and assist in the preparation, presentation, and/or settlement of the party's case (including trial consultants and the like) in the above-captioned proceeding.

2.    If, in the course of this litigation, a party undertakes or is caused to disclose what the Disclosing Party contends is HIGHLY CONFIDENTIAL INFORMATION, the procedures set forth herein shall be employed and the disclosure thereof shall be subject to this Protective Order. HIGHLY CONFIDENTIAL INFORMATION shall be used solely in connection with the preparation for and/or trial of the above-captioned action.

3.    Any Document that contains HIGHLY CONFIDENTIAL INFORMATION should be so designated by the Disclosing Party at the time of disclosure by placing the notation "HIGHLY CONFIDENTIAL" on every page of each Document so designated. In the case of HIGHLY CONFIDENTIAL INFORMATION disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the notation "HIGHLY CONFIDENTIAL" or the like notation should be placed on the medium, if possible, and its container, if any, so as to clearly give notice of the designation. Such designation is deemed to apply to the Document itself and to the HIGHLY CONFIDENTIAL INFORMATION contained therein. If any items produced in a non-paper medium are printed out by the Receiving Party, the Receiving Party must mark each page of the printed version with the confidentiality designation. The fact that any document or thing has been designated "HIGHLY CONFIDENTIAL" may be relied upon by a party only to enforce the terms of this Protective Order.

4.    Access to HIGHLY CONFIDENTIAL INFORMATION shall be limited to the following individuals: (a) Outside Counsel of record in this action, and their

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

Stipulated Protective Order     5

Support Staff and Outside Service Organizations; (b) court reporters taking testimony and their support personnel; (c) the Court and any authorized Court personnel; and (d) Experts who are designated by each party pursuant to paragraph 9 below, and their Support Staff.

5. The failure to designate HIGHLY CONFIDENTIAL INFORMATION as "HIGHLY CONFIDENTIAL" before or at the time of disclosure shall not operate as a waiver of a Disclosing Party's right to designate said information as "HIGHLY CONFIDENTIAL." In the event that HIGHLY CONFIDENTIAL INFORMATION is designated as "HIGHLY CONFIDENTIAL" after disclosure, a Receiving Party shall employ reasonable efforts to ensure that all such information is subsequently treated as HIGHLY CONFIDENTIAL INFORMATION. Disclosure of such HIGHLY CONFIDENTIAL INFORMATION to persons not authorized to receive that information before receipt of the confidentiality designation shall not be deemed a violation of this Protective Order. However, in the event the Document has been distributed in a manner inconsistent with the designation, a Receiving Party will take the steps necessary to conform distribution to the designation: i.e., returning all copies of the confidential Document, or notes or extracts thereof, to the persons authorized to possess such Documents. In the event distribution has occurred to a person not under the control of a Receiving Party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing. In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the party deems the making of the request to be a futile act, the party shall promptly notify the Disclosing Party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the Receiving Party.

Stipulated Protective Order   6

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

6. In no event shall any HIGHLY CONFIDENTIAL INFORMATION be stored, electronically or otherwise, at any business premises of any party to this action. This includes computer hard drives and servers.

7. Any person who receives any document containing information of the Disclosing Party designated as "HIGHLY CONFIDENTIAL" shall not prosecute or prepare any patent application on behalf of the Receiving Party in the field of staplers from the time of receipt of such information by that person through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action ("Bar Date"). In addition, any person subject to the patent prosecution bar set forth in this paragraph shall not have any substantive involvement in the prosecution of any such applications filed, or claiming priority from any such application filed, prior to the Bar Date.

8. Each Expert to whom the Receiving Party wants to disclose documents or information designated by the Disclosing Party as "HIGHLY CONFIDENTIAL" under the terms of this Protective Order must first sign an Undertaking in the form attached hereto as Exhibit A.

(a) A copy of each executed Undertaking shall be delivered to counsel for the Disclosing Party prior to the disclosure of any HIGHLY CONFIDENTIAL INFORMATION to such Expert. An up-to-date curriculum vitae of each Expert, including an identification of any past or present business relationships or affiliations with any party to this action, shall be delivered to opposing counsel along with the Expert's Undertaking.

(b) Within ten (10) business days of delivery of this information to opposing counsel by overnight delivery, facsimile or electronic mail, the other party may object to disclosure of its confidential information to the proposed Expert. An objection to a proposed Expert may only be made when the objecting party believes in good faith that good cause exists for the objection.

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

Stipulated Protective Order    7

  (c) If objection to disclosure is made within the time specified, the parties shall meet and confer within five (5) business days of such objection and, if not resolved, the party seeking to disclose confidential information to such Expert may seek an Order within ten (10) business days after the meet and confer granting the Expert access to the material;

  (d) Where objection is made, no such information shall be disclosed to such Expert until the day after the last day to file a motion seeking an Order granting the Expert access to the material (where no such order is sought), or upon entry of the Court's order granting the party's motion.

  (e) Failure to object to an Expert shall not preclude the non-objecting party from later objecting to continued access by that person for good cause. Good cause shall be limited to: violation of the protective order; material misrepresentations in the Expert's CV calling into question the propriety of permitting the Expert continued access to confidential information; material changes in the relationship between the Expert and the retaining party calling into question the propriety of permitting the Expert continued access to confidential information; newly available material information about the relationship between the Expert and the retaining party calling into question the propriety of permitting the Expert continued access to confidential information; and any other extraordinary circumstances calling into question the propriety of permitting the Expert continued access to confidential information. If an objection is made, the parties shall meet and confer within five (5) business days; and, if the parties cannot resolve the dispute, the party seeking to prevent confidential information from being disclosed to the Expert may seek an Order denying the Expert access to the material within ten (10) business days after the meet and confer. Such Expert may continue to have access to information that was provided to him or her prior to the date of the objection, unless otherwise ordered by the Court. However, no further HIGHLY CONFIDENTIAL INFORMATION

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

Stipulated Protective Order 8

shall be disclosed to him or her until the matter is resolved by the Court or the Disclosing Party withdraws its objection.  Notwithstanding the foregoing, if the Disclosing Party fails to move for a protective order within ten (10) business days after the meet and confer, further HIGHLY CONFIDENTIAL INFORMATION may thereafter be provided to the Expert.

9.    HIGHLY CONFIDENTIAL INFORMATION or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed or summarized, either in writing or orally, to anyone other than persons permitted to have access to such information under this Protective Order.  Notwithstanding the foregoing, nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of HIGHLY CONFIDENTIAL INFORMATION received or exchanged; provided however, that in rendering such advice the attorney shall not disclose any HIGHLY CONFIDENTIAL INFORMATION received from another party or third party to anyone not authorized to receive such information pursuant to the terms of this Protective Order.  Furthermore, nothing in this Protective Order prevents any Outside Counsel from advising his or her clients regarding general strategy so long as the Outside Counsel does not disclose the contents of any HIGHLY CONFIDENTIAL INFORMATION in a manner contrary to the terms of this Protective Order.

10.    Nothing herein is intended to prevent showing a Document designated as "HIGHLY CONFIDENTIAL" to a person who the Document indicates is an author or authorized recipient of the document.  No copies of such Documents shall be given to such individuals for them to retain.  During deposition or trial testimony, counsel may disclose Documents produced by the Disclosing Party to its current employees, officers, or agents of the Disclosing Party, or to any person who counsel has a good-

Stipulated Protective Order        9

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

1  faith basis to believe has prior knowledge of the information contained in the
2  Document.
3       11.    A Disclosing Party will use reasonable efforts to avoid designating, or to
4  de-designate in a reasonable time after request, any Document or information as
5  "HIGHLY CONFIDENTIAL" that is not entitled to such designation or that is
6  generally available to the public.
7       12.    Any Receiving Party disagreeing with the designation of any Document
8  or information "HIGHLY CONFIDENTIAL" shall notify the Disclosing Party in
9  writing.  The Disclosing Party shall, within ten (10) business days from the date of
10  receipt of such notice:  (1) advise the Receiving Party whether or not the Disclosing
11  Party persists in such designation; and (2) if the Disclosing Party persists in the
12  designation, to explain the reasons for the particular designation.  The Receiving Party
13  may then, after advising the Disclosing Party, move the Court for an order removing
14  the particular designation and replacing it with a different designation or no
15  designation.  The party asserting that the Document or information is "HIGHLY
16  CONFIDENTIAL" shall have the burden of proving that the designation is proper.
17  Information designated or "HIGHLY CONFIDENTIAL" by a Disclosing Party shall
18  be treated as such by a Receiving Party unless otherwise agreed to by the parties or
19  otherwise ordered by the Court.
20       13.    The failure of a Receiving Party to expressly challenge a claim of
21  confidentiality or the designation of any document or information "HIGHLY
22  CONFIDENTIAL" at the time of disclosure shall not constitute a waiver of the right
23  to assert at any subsequent time that the same is not in fact confidential or not an
24  appropriate designation for any reason.
25       14.    If during the course of any deposition, or not later than fourteen (14) days
26  after the receipt of a written transcript of such deposition, counsel for any Disclosing
27  Party asserts (either on the record at the deposition or in writing after the deposition)

Stipulated Protective Order           10

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828
28

that the deposition transcript, or any specific inquiry, or an answer to a specific inquiry is subject to the designation "HIGHLY CONFIDENTIAL," that transcript, inquiry, or answer shall be treated as provided by this Protective Order for Documents designated or "HIGHLY CONFIDENTIAL".

15. Counsel for any Disclosing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the court reporter, and videographer (if any), any person who is not authorized by this Protective Order to receive Documents or information designated "HIGHLY CONFIDENTIAL." Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising HIGHLY CONFIDENTIAL INFORMATION.

16. Any court reporter or videographer who records testimony in this action at a deposition shall be provided with a copy of this Protective Order by the party noticing the deposition. That party shall advise the court reporter or videographer, before any testimony is taken, that all Documents, information, or testimony designated "HIGHLY CONFIDENTIAL" is and shall remain confidential and shall not be disclosed except as provided in this Protective Order. The noticing party shall further advise the court reporter and videographer that copies of all transcripts, reporting notes, and all other records of any such testimony must be treated in accordance with this Protective Order, delivered to attorneys of record, or filed under seal with the Court.

17. Any pleading, motion, brief, appendix, or other paper containing HIGHLY CONFIDENTIAL INFORMATION of a Disclosing Party other than the party filing such paper shall be filed under seal.

    (a) The paper containing the HIGHLY CONFIDENTIAL INFORMATION shall be filed with the Court pursuant to the Local Rules 79- 5.1.

    (b) The party filing the paper containing the HIGHLY CONFIDENTIAL INFORMATION may simultaneously (or soon thereafter) file a

Stipulated Protective Order    11

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

public version of the paper with the HIGHLY CONFIDENTIAL INFORMATION redacted.

       (c)    Procedures for handling HIGHLY CONFIDENTIAL INFORMATION to be introduced as evidence at trial of this case shall be determined by further order of the Court.

      18.    Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of HIGHLY CONFIDENTIAL INFORMATION for use in connection with this litigation, and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection under the terms of this Protective Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating HIGHLY CONFIDENTIAL INFORMATION into machine-readable form for incorporation in a data retrieval system used in connection with this litigation, provided that access to such information, whatever form stored or reproduced, shall be limited to qualified recipients.

      19.    Documents or information designated "HIGHLY CONFIDENTIAL" shall be maintained in the custody of counsel for the parties except that: (a) any court reporter who transcribes testimony given in this action may maintain any such designated Documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of these Documents may be retained by persons entitled to access of such Documents under the terms of this Protective Order to the extent necessary for their study, analysis, and preparation of the case. A person with custody of Documents designated  or "HIGHLY CONFIDENTIAL" shall maintain them in a manner consistent with paragraph 7 of this Protective Order that limits access to those persons entitled under this Protective Order to examine the Documents so designated.

Stipulated Protective Order         12

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

20. Should any Document or information designated as "HIGHLY CONFIDENTIAL" be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the party responsible for the inadvertent disclosure shall use its best efforts to bind such person to the terms of this Protective Order; and shall (a) promptly inform such person of all the provisions of this Protective Order; (b) request such person to sign the agreement in the form attached hereto as Exhibit A; and (c) identify such person immediately to the Disclosing Party that designated the Document as confidential. The executed agreement shall promptly be served upon the party that designated the Document as confidential.

21. If a party believes that inspection, measuring, testing, sampling, or photographing of that party's processes, products, equipment, premises, or other property pursuant to Fed. R. Civ. P. 34 will reveal or disclose information that is in good faith deemed HIGHLY CONFIDENTIAL INFORMATION, that party shall advise in advance the party seeking such discovery that the inspection, measuring, testing, sampling, or photographing will be permitted only on a confidential basis, and that the information discovered, and any information derived from that information, shall be treated as HIGHLY CONFIDENTIAL INFORMATION.

22. The terms of this Protective Order shall in no way affect a Disclosing Party's right to (a) withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege or the work-product doctrine, or (b) reveal or disclose to anyone any Documents or information designated by that party "HIGHLY CONFIDENTIAL," and containing no information designated by an opposing or third party as "HIGHLY CONFIDENTIAL" under this Order. Where a Receiving Party designates a Document "HIGHLY CONFIDENTIAL" solely because it contains the confidential information of a Disclosing Party (for example, in a pleading or brief), nothing limits the Disclosing Party from showing the designated Document to anyone;

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598.4150
310.556.9828

Stipulated Protective Order                13
28

such Documents will be designated to identify the party whose confidential information is contained therein in addition to the confidentiality designation, for example, "HIGHLY CONFIDENTIAL - CONTAINS ACCENTRA DESIGNATED INFORMATION."

23. The inadvertent production of any privileged or otherwise protected information shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege or work-product doctrine, provided that the Disclosing Party immediately notify the Receiving Party in writing when such inadvertent production is discovered. Upon receiving written notice from the Disclosing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the Disclosing Party. Furthermore, any analyses, memoranda, or notes that were internally generated based upon such inadvertently produced information or material shall immediately be treated in conformance with the protected nature of the information. If the Receiving Party disagrees with the designation of any such information or material as privileged or otherwise protected after conferring with the Disclosing Party in good faith, the Receiving Party may move the Court for a resolution of that dispute.

24. The restrictions and obligations set forth herein relating to information designated "HIGHLY CONFIDENTIAL" shall not apply to any information which the parties agree, or the Court rules, is already public knowledge or which, after disclosure to the Receiving Party, becomes public knowledge other than through an act or omission the Receiving Party. Unless counsel agrees otherwise in writing, within sixty (60) days of the final disposition of this action including any appeals, Outside Counsel for the parties shall return promptly to the Disclosing Party all Documents that have been designated "HIGHLY CONFIDENTIAL" and copies of such Documents, or certify that Outside Counsel has destroyed same. Notwithstanding

Stipulated Protective Order    14

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

the foregoing, Outside Counsel for the parties shall be permitted to retain a file copy of materials created during the course of the litigation, or made part of the record, or which have been filed under seal with the Clerk of the Court, and a copy of all depositions, including exhibits, and deposition evaluations. Such file copies must be maintained under the conditions of HIGHLY CONFIDENTIAL INFORMATION as set out in paragraphs 3-4.  At the conclusion of the 60- day period, Outside Counsel for each party shall represent in writing under penalty of perjury that to his or her knowledge and belief the company has either returned or destroyed all confidential information in accordance with this order.

25. In the event any person or Receiving Party having possession, custody, or control of any Document or information produced in this action and designated "HIGHLY CONFIDENTIAL" by a Disclosing Party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall immediately notify by overnight delivery, facsimile or electronic mail the attorneys of record of the Disclosing Party, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected.  The Disclosing Party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order. Subject to any reasonable procedure sought to be pursued by the party whose interest may be affected, the person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Disclosing Party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

26. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate.

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

Stipulated Protective Order    15

27. The disclosing parties reserve all rights to apply to the Court at any time, before or after termination of this action, for an order: (i) modifying this Protective Order, (ii) seeking further protection against discovery or use of HIGHLY CONFIDENTIAL INFORMATION, or (iii) seeking further production, discovery, disclosure, or use of claimed HIGHLY CONFIDENTIAL INFORMATION. The fact that information is or is not designated HIGHLY CONFIDENTIAL INFORMATION under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential.

28. If the discovery process calls for the production of information that a party does not wish to produce because the party believes its disclosure would breach an express or implied agreement with a non-party to maintain such information in confidence, the Disclosing Party shall give written notice to the non-party that its information is subject to discovery in this litigation, and shall provide the non-party with a copy of this Protective Order. When such written notice is given to the non-party, the Disclosing Party will advise the potential Receiving Party that such notice has been given. The parties shall cooperate with each other and the nonparty in attempting to resolve any disputes over disclosure and with each other in bringing unresolved disputes before the Court for resolution. If the non-party does not respond to the written notice within 30 business days of sufficient notice, and does not file a motion for a protective order within that time, the Disclosing Party is Ordered to produce any such relevant documents under the designation HIGHLY CONFIDENTIAL.

This Order shall not govern as to materials submitted in connection with dispositive motions or at trial. Protection for any such materials must be sought separately, from the judicial officer who presides over those proceedings.

Dated: _July 16, 2009_____    _____
                                   Magistrate Judge Ralph Zaresfsky
                                   United States District Court

Stipulated Protective Order                          16

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

Stipulated Protective Order

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ACCENTRA, INC., et al. | CASE NO. 07-CV-5862-ABC |
| Plaintiffs-Counterdefendants | |
| vs. | |
| STAPLES, INC., | Judge: Hon Audrey B. Collins |
| Defendants-Counterclaimant | |

**UNDERTAKING OF** _____

Name: _____

Address: _____

Present employer: _____

Address of present employer: _____

Present occupation: _____

Stipulated Protective Order    18

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

I hereby acknowledge that I have received and read the Protective Order entered in the United States District Court for the Central District of California (Western Division) on, in connection with the above-captioned action, and understand its terms and agrees to be bound by each of those terms. Specifically, and without limitation upon such terms, I agree not to use or disclose any confidential information made available to me other than in accordance with said Order. I further submit to jurisdiction of this Court for purposes of enforcing the Protective Order in this action.

Dated:_____    By: _____

                                                   (Type or print name)

                                     Of: _____

                                                 (Name of Employer)

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598-4150
310.556-9828

Stipulated Protective Order                             19