UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

JS-6

| | |
|---|---|
| ACCENTRA INC., et al.,<br><br>　　　Plaintiffs,<br>　　　Counterclaim Defendants,<br><br>v.<br><br>STAPLES, INC., et al.,<br><br>　　　Defendants,<br>　　　Counterclaim Plaintiffs. | Case No. 07-cv-5862 ABC (RZx)<br><br>**[STAPLES' PROPOSED]**<br>**FINAL JUDGMENT**<br><br>The Honorable Audrey B. Collins |

　　　WHEREAS, this Court having granted Defendants Staples, Inc. and Staples the Office Superstore, LLC's (collectively, "Staples") motion for summary judgment on Plaintiffs Accentra, Inc. and WorkTools, Inc.'s (collectively, "Accentra") allegations of trademark infringement and unfair competition;

　　　WHEREAS, there having been a jury trial on Accentra's allegations of infringement of U.S. Patent Nos. 7,178,709, 7,080,768 and 7,290,692; Staples' allegations of noninfringement and invalidity of U.S. Patent Nos. 7,178,709, 7,080,768 and 7,290,692; and on an advisory basis with respect to the facts underlying Staples' allegations of unenforceability of U.S Patent No. 7,178,709; and

WHEREAS, this Court having ruled on the post-trial motions filed by Staples and Accentra;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** on this 20 day of January, 2012, that FINAL JUDGMENT is entered in favor of Accentra and against Staples as follows:

1. Staples' CX-1, DX-1, EX-5 and High Capacity stapler products infringe claims 6, 7 and 9 of U.S. Patent No. 7,290,692.  Count III of Staples' First Amended Counterclaims to Plaintiffs' Third Amended Complaint is DISMISSED WITH PREJUDICE.

2. Staples' CX-1, DX-1, EX-5 and High Capacity stapler products infringe claims 20 and 21 of U.S. Patent No. 7,080,768.  Count IV of Staples' First Amended Counterclaims to Plaintiffs' Third Amended Complaint is DISMISSED WITH PREJUDICE.

3. Staples shall pay Accentra damages in the form of a reasonable royalty for infringement of U.S. Patent Nos. 7,080,768 and 7,290,692 in the amount of $1,027,447.34, plus pre-judgment interest in the amount of $22,015.00 through January 20, 2012, which includes an accounting of all infringing products, plus post-judgment interest.

4. U.S. Patent No. 7,178,709 is not unenforceable due to inequitable conduct. The portions of Count I of Staples' First Amended Counterclaims to Plaintiffs' Third Amended Complaint alleging unenforceability of U.S. Patent No. 7,178,709 are DISMISSED WITH PREJUDICE.

5. Accentra may submit a Bill of Costs related to the matters upon which it prevailed pursuant to Local Rule 54.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** on this 20 day of January, 2012, that FINAL JUDGMENT is entered in favor of Staples and against Accentra as follows:

6. Claims 24, 25, 27 and 28 of U.S. Patent No. 7,178,709 are invalid as indefinite and therefore not infringed. The portions of Count I of Accentra's Third Amended Complaint alleging infringement and willful infringement of U.S. Patent No. 7,178,709 are DISMISSED WITH PREJUDICE.

7. Staples did not willfully infringe U.S. Patent Nos. 7,080,768 and 7,290,692. The portions of Count I of Accentra's Third Amended Complaint alleging willful infringement of U.S. Patent Nos. 7,080,768 and 7,290,692 are DISMISSED WITH PREJUDICE.

8. Staples' motion for summary judgment regarding Accentra's claims of trademark infringement was granted. Counts II and III of Accentra's Third Amended Complaint alleging trademark infringement are DISMISSED WITH PREJUDICE.

9. Accentra's claims of trademark infringement rendered this case "exceptional" under 15 U.S.C. § 1117(a), thereby entitling Staples to an award of its reasonable attorney's fees and expenses. Accentra shall pay Staples $308,319.05 in fees and $6,827.94 in expenses.

10. Staples' motion for summary judgment regarding Accentra's claim of unfair competition was granted. Count IV of Accentra's Third Amended Complaint is DISMISSED WITH PREJUDICE.

11. Accentra's counsel's pursuit of Accentra's claim of unfair competition violated 28 U.S.C. § 1927, thereby warranting sanctions in the form of Staples' reasonable attorney's fees. Accentra's counsel shall pay Staples $5,446.50 in fees.

12. Accentra is not entitled to enhanced damages and attorney's fees [Docket No. 557].

13. Accentra is not entitled to a permanent injunction.

14. Staples may submit a Bill of Costs relating to the matters upon which it prevailed pursuant to Local Rule 54.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court has jurisdiction over the parties and the subject matter of this action and shall maintain jurisdiction to the extent necessary to enforce this Final Judgment.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated: January 20, 2012

*Audrey B. Collins* (signature)

Audrey B. Collins
Chief United States District Judge